United States District Court
Southern District of Texas
**ENTERED**
June 15, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ROSALBA CHAIREZ DE JIMENEZ AND GUADALUPE JIMENEZ TORRES, INDIVIDUALLY AND A/N/F OF ARJ, KJC AND SJC, MINOR CHILDREN, <br><br> Plaintiffs, <br> VS. <br><br> MANUEL CASTORENA MEDRANO, CRISTIAN OMAR HERRERA VILLALOBOS. <br><br> Defendants. | § § § § § § § § § § § § §  CIVIL ACTION NO. 7:23-cv-00109 |

## OPINION AND ORDER

The Court now considers Defendant Villalobos' "Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction"[1] and Plaintiffs' response.[2] The motion is now ripe for consideration. Upon consideration of the motion and relevant authorities, the Court **DENIES** Defendant Villalobos' motion to dismiss.

### I. BACKGROUND AND PROCEDURAL HISTORY

This dispute arises out of a vehicular collision between Plaintiffs and Defendant Medrano on May 16, 2022.[3] Plaintiffs allege that Defendant Medrano, in the operation of a tractor trailer owned by Defendant Villalobos, collided with Plaintiffs' vehicle in the 900 block of S. International Blvd., in Hidalgo, Texas and injured them.[4]

---

[1] Dkt. No. 8.
[2] Dkt. No. 14.
[3] Dkt. No. 1 at 4, ¶ 4.1.
[4] *Id.*

1 / 5

Plaintiffs are residents of Texas.[5] Defendant Villalobos is a resident of Mexico who resides at 128 Punta Eugenia Puerto Del Sol, Reynosa, Tamaulipas, Mexico 88736.[6] Plaintiffs allege that because the vehicle driven by Defendant Medrano in the incident was owned by Defendant Villalobos,[7] and because Defendant Villalobos conducted business within the State of Texas,[8] this Court has specific jurisdiction over his person.[9] Villalobos alleges that he is not the owner of the vehicle and he has not conducted business in Texas.[10]

Plaintiffs filed their Original Complaint with this Court on March 31, 2023.[11] Defendant Medrano[12] and Defendant Villalobos[13] filed their respective answers on May 1, 2023. Defendant Villalobos filed his "Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction" on May 1, 2023.[14] Plaintiffs filed their Amended Complaint with this Court on May 22, 2023,[15] and filed a "Response to Defendant's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction" on May 22, 2023.[16]

## II. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### a. Legal Standard

Rule 12(b)(2) authorizes a case to be dismissed based on the assertion that the Court does not possess jurisdiction over the defendant.[17] The plaintiff bears the burden to establish personal jurisdiction over non-resident defendants,[18] but need only establish a prima facie case of personal

---

[5] Dkt. No. 1 at 1, ¶ 1.1.
[6] *Id.* at 2, ¶ 1.3.
[7] *Id.* at 3, ¶ 2.3.
[8] *Id.*
[9] *Id.*
[10] Dkt. No. 8 at 3, ¶ 1.
[11] Dkt. No. 1.
[12] Dkt. No. 9.
[13] Dkt. No. 10.
[14] Dkt. No. 8.
[15] Dkt. No. 12.
[16] Dkt. No. 14.
[17] Fed. R. Civ. P. 12(b)(2).
[18] Bullion v. Gillespie, 895 F.2d 213, 216-17 (5th Cir. 1990).

jurisdiction to survive a motion to dismiss.[19] A prima facie showing is less demanding than preponderance of the evidence.[20] Such a showing can be made using any recognized discovery method.[21] Absent a hearing, the court must accept as true any non-conclusory, jurisdictional allegations in the plaintiff's complaint and resolve all factual conflicts presented by the parties' submitted evidence in the plaintiff's favor.[22]

Two conditions must be met to establish personal jurisdiction: "(1) the forum state's long-arm statute [must confer] personal jurisdiction over that defendant and (2) the exercise of personal jurisdiction [must] compl[y] with the due process requirements of the Fourteenth Amendment of the United States Constitution."[23] However, the first step in the analysis can effectively be ignored in Texas federal courts because the Texas long-arm statute is coextensive with Fourteenth Amendment due process.[24] Therefore, if the exercise of personal jurisdiction complies with the due process requirements of the Fourteenth Amendment, which it must, then the analysis is complete because personal jurisdiction automatically exists under the Texas long-arm statute, and both elements are thus simultaneously satisfied.[25]

In turn, constitutional due process is satisfied if "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice."[26] The first prong—"minimum contacts"—can be

---

[19] Walk Haydel & Associates, Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 241 (5th Cir. 2008).
[20] Luv N' care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006).
[21] Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985).
[22] Sealed Appellant 1 v. Sealed Appellee 1, 625 Fed. Appx. 628, 631 (5th Cir. 2015) ("[W]e must determine whether the plaintiffs have established a prima facie case of personal jurisdiction through non-conclusory allegations supported by admissible evidence.").
[23] Irving v. Owens-Corning Fiberglas Corp., 864 F.2d 383, 385 (5th Cir. 1989)).
[24] McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009).
[25] Id.
[26] Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000).

established through general and specific jurisdiction. Specific jurisdiction,[27] which is the form alleged by Plaintiff, requires that the nonresident defendant "has purposefully directed [his] activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities."[28]

Regardless of whether the Court is conducting a specific or general jurisdiction analysis, the guiding principle is the same: for due process purposes, "minimum contacts" exist when the defendant's "conduct and connection with the forum state are such that he should reasonably anticipate being [hailed] into court there."[29]

### b. Analysis

To meet their prima facie case, Plaintiffs filed the Motor Vehicle Crash Report prepared by Hidalgo County Police Officer Perez. That report lists Defendant Villalobos as the owner of the tractor trailer involved in the incident.[30] While Defendant Villalobos denies ownership, he did not submit a contravening affidavit or other evidence to support his assertion that he is not the owner.[31] Furthermore, Defendant Villalobos does not attempt to explain in the instant motion[32] the reason that the incident report listed him as the vehicle's owner, nor whether Defendant Medrano was engaged in the furtherance of Villalobos' business interests.

While Plaintiffs bear the burden of establishing personal jurisdiction over non-resident defendants,[33] they need only establish a prima facie case of personal jurisdiction to survive a motion to dismiss.[34] Plaintiffs have provided unrebutted evidence to establish their prima facie

---

[27] Lewis v. Fresne, 252 F.3d 352, 358 (5th Cir. 2001)).
[28] Walk Haydel & Associates, Inc., Co., 517 F.3d at 243.
[29] World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 287 (1980).
[30] Dkt. No. 14-3.
[31] *See Tucker v. SAS Inst., Inc.*, 462 F. Supp. 2d 715, 723 (N.D. Tex. 2006) ("[B]riefs themselves, like an attorney's opening or closing argument in trial, are not evidence.").
[32] Dkt. No. 8.
[33] Bullion v. Gillespie, 895 F.2d 213, 216-17 (5th Cir. 1990).
[34] Walk Haydel & Associates, Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 241 (5th Cir. 2008).

case. Defendant Villalobos has wholly failed to rebut Plaintiffs' evidence, having presented nothing beyond his motion.

### III. Conclusion and Holding

For the foregoing reasons, the Court **DENIES** Defendant's "Motion to Dismiss for Lack of Personal Jurisdiction."[35]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 15th day of June 2023.

                                            Micaela Alvarez
                                  United States District Judge

---

[35] Dkt. No. 8.